# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

Shana Marie Cottone;                  )
Denice Barrasso;                      )
Kelley Collins;                       )
Alanna Loring-Donahue;                )
Jason Andrew Dunton;                  )
David Gracia;                         )
Naomi Hastings;                       )
Laura Ann Lasdow;                     )        CIVIL ACTION NO.
Jonah Brooks MacLagan;                )
Cherie Noble Murdock;                 )
Kelly Driver, individually           )
and as Guardian of J.K.;             )
Yinette Fuertes, individually        )
and as Guardian of J.B.;             )
JANE AND JOHN DOE 1-2.                )
                                      )
                                      )
        PLAINTIFFS                    )
                                      )
vs.                                   )
                                      )
                                      )
CITY OF BOSTON                        )
                                      )
MAYOR MICHELLE WU OF                  )
THE CITY OF BOSTON, in her            )
Official and Personal                 )
Capacities.                           )
                                      )
BOSTON PUBLIC HEALTH                  )
COMMISSION EXECUTIVE DIRECTOR,)
DR. BISOLA OJIKUTU, M.D., MPH,)
in her Official and Personal          )
Capacities.                           )
                                      )
BOSTON PUBLIC HEALTH                  )
COMMISSION.                           )
                                      )
        DEFENDANTS                    )
_____ )

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. Nature of the Action

**A.** **Boston Public Health Commission Order of December 20, 2021**

1.   This civil action revolves around the December 20, 2021 "Temporary Order" issued, on behalf of **Defendant Boston Mayor Michelle Wu**[1], by her appointed Executive Director for Boston Public Health Commission, **Defendant Dr. Bisola Ojikutu**[2], requiring physical documentation of "Covid-19 vaccination" to enter certain public indoor spaces:

7.  Covered entities shall comply with any guidelines issued by BPHC to further the intent of this Order and increase the number of vaccinated individuals in the City.
8.  This Order shall take effect on the following schedule:
    a.  **Phase I: January 15, 2022.** All individuals ages 12 and over shall be required to present proof of at least one dose of vaccination, in either a one-dose or two-dose series.
    b.  **Phase II: February 15, 2022.** All individuals ages 12 and over shall be required to present proof of either one dose of a one-dose series or two doses in a two-dose series.
    c.  **Phase III: March 1, 2022.** All Individuals ages 5 to 11 shall be required to present proof of at least one dose of vaccination, in either a one-dose or two-dose series.
    d.  **Phase IV: May 1, 2022.** All individuals ages 5 and over shall be required to present proof of either one dose of a one-dose series or two doses in a two-dose series.
9.  This Order shall remain in effect until rescinded by the Executive Director, in their discretion.

**ENFORCEMENT**

All reasonable efforts will be made to secure voluntary compliance with this Order, including outreach and education, as well as written warnings; however, this Order may be enforced through any and all mechanisms afforded by the authorizing statutes above, including fines of $300.00 for each violation and orders of the BPHC to cease and desist. The Executive Director may seek the assistance of other City of Boston agencies in ensuring compliance with this order.

**NOTICE**

The Boston Public Health Commission must promptly provide copies of this Order by posting on the Boston Public Health Commission website (bphc.org) and providing a copy to any member of the public requesting one.

IT IS SO ORDERED:                    Dated: December 20, 2021

*[signature]*

Dr. Bisola Ojikutu
EXECUTIVE DIRECTOR
BOSTON PUBLIC HEALTH COMMISSION
AS AGENT OF THE BOARD OF HEALTH

---

[1] Herein referred to as Boston Mayor Wu.

[2] Herein referred to as Executive Director BPHC

Copy of the complete December 20, 2021, 4-page Order

provided as **Exhibit 1**.

2.    Said Order states on page 2:

> Whereas, the Executive Director of the Boston Public
> Health Commission, has determined that further
> temporary measures relative to requiring proof of
> vaccination for entry into certain indoor settings are
> necessary to prevent the spread and resurgence of
> COVID-19 in Boston

3.    Said Order applies only to certain specified businesses and

persons. (Refer to Exhibit 1, pp 2-3).

4.    Said Order specifically exempts celebrities and their

entourages from required proof of vaccination (refer to

Exhibit 1, paragraph number 2, p2).

**THEREFORE, THE FOLLOWING PUBLIC HEALTH ORDER SHALL BE IN EFFECT
FOR THE CITY OF BOSTON, AS FOLLOWS:**

1.  A covered entity shall not permit a patron, full- or part-time employee, intern, volunteer, or on-site contractors to enter a covered premises without displaying proof of vaccination.
2.  The following individuals are exempted from this Order, and therefore may enter a covered premises without displaying proof of vaccination, provided that such individuals wear a face mask at all times:
    a.  Individuals entering for a quick and limited purpose (for example, using the restroom, placing or picking up an order or service, making a delivery, or performing necessary repairs);
    b.  A performing artist not regularly employed by the covered entity while they are in a covered premises for purposes of performing;
    c.  A professional athlete/sports team who enters a covered premises as part of their regular employment for purposes of competing; and
    d.  An individual accompanying a performing artist or professional athlete/sports team into a covered premises as part of their regular employment so long as the performing artist or professional athlete/sports team are performing or competing in the covered premises.

5.    Said Order is publicly held out as "Boston Public Health

Commission's Declaration of a Public Health Emergency".

6. Purported "legal" authority claimed by Defendants Boston
   Mayor Wu and Defendant Executive Director of BPHC.

**TEMPORARY ORDER REQUIRING COVID-19 VACCINATION FOR INDOOR
ENTERTAINMENT, RECREATION, DINING, AND FITNESS SETTINGS
IN THE CITY OF BOSTON**

**DATE OF ORDER: DECEMBER 20, 2021**

The Boston Public Health Commission, acting through its duly appointed and authorized
agent, Dr. Bisola Ojikutu, pursuant to M.G.L. c. 111, § 30, the Boston Public Health Act of
1995, M.G.L. c. 111 App §§ 2-6, M.G.L. c. 111 §§ 6, 7, 31, 95, 104, 122, 310 CMR 11.05, 105
CMR 300.200 and all other authorizing statutes as well as the Boston Public Health
Commission's Declaration of a Public Health Emergency Relative to COVID-19 in the City
of Boston dated March 15, 2020, as extended, hereby enacts and declares as follows:

7. Provided in **Exhibit 2** is a copy of the Charter for the City
   of Boston.

8. Provided in **Exhibit 3** is a copy of downloaded "About BPHC"
   from BPHC website.

9. Provided in **Exhibit 4** is a copy of downloaded info specific
   to the Board of BPHC.

10. Provided in **Exhibit 5** is a copy of downloaded BPHC mission.

11. Provided in **Exhibit 6A-6C** is a copy of Defendant Executive
    Director's affidavit signed on January 10, 2022 and filed
    in the matter of *Boston Firefighters Union Local 781 et al.
    v. City of Boston et al.*, Suffolk Superior Court Docket No.
    2284-CV-00001.

12. Said affidavit **Exhibit 6A** pertains to Defendant's
    attestation as to purported rationale for promoting and
    mandating "Covid-19" vaccinations. Accompanying Defendant's

affidavit: curriculum vitae **Exhibit 6B** and her written

December 20, 2021, Press Statement **Exhibit 6C**.

**B.**   **Judicial Notice of Adjudicative Facts**

13.   On **February 15, 2022**, Single Justice Singh of the

Massachusetts Appeals Court issued an order in the matter

of *Boston Firefighters Union Local 781 et al. v. City of*

*Boston et al* Docket No. 2022-J-0031, which is directly

applicable to this matter before this Court. Copy of the

Appeals Court docket with the referenced stated Order is

provided as **Exhibit 7**.

14.   Pursuant to Federal Rule of Evidence 201, Plaintiffs

request that judicial notice be taken as to the following

adjudicative facts found by Singh, J. in *Firefighters Union*

*Local 781 et al.*, supra:

- On March 10, 2020, the Governor declared a state of emergency throughout the Commonwealth in response to the spread of COVID-19; and

- On June 15, 2021, Governor Baker lifted his state of emergency;

- In footnote 18 of said Order, Justice Singh stated:

   "Dr. Ojikutu acknowledges that those who are

   vaccinated can also contract and transmit the virus.

   ¶¶15-16 . Despite this, the city's vaccine mandate

   policy does not require vaccinated employees to do any

   testing to ensure that they are negative for the

5

virus. **Thus, it appears that neither vaccination nor regular testing is a fail-safe method to prevent transmission."**

C.   <u>Precedent set by *Boston Firefighters Union Local 781 et al. v. City of Boston et al*</u>

15.   In the above-referenced Order issued by Single Justice Singh in the *Boston Firefighters Union Local 781 et al.* matter, she reinforced the magnitude of bodily integrity and protection of human dignity and self-determination. In Footnote [13], Justice Singh stated:

> These interests have been recognized in our law to be significant. See Johnson v. Kindred Healthcare, Inc., 466 Mass. 779, 782 (2014) (statutory right to designate health care proxy "reflects the doctrine of informed consent, which promotes an individual's strong interest in being free from nonconsensual invasion of his bodily integrity and protects his human dignity and self-determination" [quotations and citation omitted]). See also Rogers v. Commissioner of Dep't of Mental Health, 390 Mass. 489, 497-498 (1983) (rejecting argument that doctors should be responsible for making treatment decisions for involuntarily committed patients, in view of right of individual to "manage his own person" which encompasses right to make basic decisions with respect to "taking care of himself" [citation omitted]).

D.   <u>Boston Public Health Commission Order of December 20, 2021 deprives Plaintiffs of their Federal Constitutional rights</u>

16.   A municipality and its agents and/or representatives are liable under 42 U.S.C. § 1983 where the Boston Public

Health Commission Order of December 20, 2021, as a
government policy, directly violates Plaintiffs'
constitutional rights. *Haley v. City of Boston*, 657 F.3d
39, 51 (1st Cir. 2011).  Under these particular
circumstances, specific federal constitutional violations
pertain to Article IV, section 4; First Amendment, Fourth
Amendment, Fourteenth Amendment.[3]

---

[3] **The Preamble:**  We the People of the United States, in Order to
form a more perfect Union, establish Justice, insure domestic
Tranquility, provide for the common defense, promote the general
Welfare, and secure the Blessings of Liberty to ourselves and
our Posterity, do ordain and establish this Constitution for the
United States of America.

**Article IV Section 4:** The United States shall guarantee to every
State in this Union a Republican Form of Government and shall
protect each of them against Invasion; and on Application of the
Legislature, or of the Executive (when the Legislature cannot be
convened) against domestic Violence.

**First Amendment:** Congress shall make no law respecting an
establishment of religion or prohibiting the free exercise
thereof; or abridging the freedom of speech, or of the press; or
the right of the people peaceably to assemble, and to petition
the Government for a redress of grievances.

**Fourth Amendment:** The right of the people to be secure in their
persons, houses, papers, and effects, against unreasonable
searches and seizures, shall not be violated, and no Warrants
shall issue, but upon probable cause, supported by Oath or
affirmation, and particularly describing the place to be
searched, and the persons or things to be seized.

**Fourteenth Amendment Section 1:** All persons born or naturalized
in the United States, and subject to the jurisdiction thereof,
are citizens of the United States and of the State wherein they
reside. No State shall make or enforce any law which shall
abridge the privileges or immunities of citizens of the United
States; nor shall any State deprive any person of life, liberty,

17.   Defendants are liable, pursuant to 42 U.S.C. § 1983,

specific to BPHC Order being an unconstitutional policy.

*Bennett v. City of Biddeford*, 364 F. Supp. 2d 1, 2 (D. Me.

2005)(citing Monell, 436 U.S. at 690-91, 98 S.Ct. 2018).

18.   Boston Public Health Commission Order of December 20,

2021, includes "practices so persistent and widespread as

to practically have the force of law." *Connick v. Thompson*,

563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011)

(citing *Monell*, 436 U.S. at 691, 98 S.Ct. 2018 ).

19.   As established by BHCP's various publications, the

Boston Public Health Commission Order of December 20, 2021

purportedly promotes public safety. The BPHC Order is, in

and of itself, unconstitutional on multiple grounds:

- implementation of such policy violates equal due

process protections;

- transfers local legislative power to unelected state

officials without the consent of the governed

violating the Guarantee Clause[4];

---

or property, without due process of law; nor deny to any person
within its jurisdiction the equal protection of the laws.

[4]      Massachusetts law prohibits the delegation of legislative
power to the executive branch.  Commonwealth v. Clemmey 447 Mass
121, 134-135 2006.

- violation of separation of powers by combining legislative and executive roles to the BPHC.

20. Even the statute on which BPHC Order is based-Massachusetts chapter 111, § 31 is unconstitutionally broad and utilizes an impermissible low standard of scrutiny. The requisite standard is: strict scrutiny. Restrictions must be narrowly tailored to meet a compelling governmental interest. As established, "reasonable health regulations" renders M.G.L. chapter 111, § 31 invalid.

21. Plaintiffs have a protected interest in their right to be free from nonconsensual invasion of bodily integrity; to have complete autonomy over one's own medical decisions.

## E. Nature or relief sought

22. Plaintiffs seek:

- a preliminary injunction terminating the unconstitutional **Boston Public Health Commission Order of December 20, 2021;**

- an injunction terminating the Board of BPHC due to its' unconstitutional existence;

- an injunction voiding any existing penalties or fines against any person as a result of violations of orders resulting from said Order;

9

- to declare M.G.L. chapter 111, § 31 unconstitutional, and therefore, stricken;

- Award damages, including punitive damages pursuant to 42 U.S. Code § 1983.

## II. Further Facts

23. Plaintiffs incorporate by reference the numerical paragraphs above.

24. The Mass.gov website describes the purported relationship between the State and local Boards of Health: "a decentralized governance structure as defined by the National Association of County and City Health Officials. The 351 cities and towns are independently organized for the delivery of local public health services and operate autonomously from the Massachusetts Department of Public Health."

25. Defendant City of Boston BHCP describes itself as "independent public agency."

26. Defendant Boston Mayor Wu obligated oath to the United States Constitution:

SECTION 11A.   *Oaths of Office.*  Every person elected mayor and every person elected or chosen city councillor or school committeemember shall, before entering upon the duties of his office, take, and subscribe in a book to be kept by the city clerk for the purpose, the oath of allegiance and oath of office prescribed in the constitution of this commonwealth and an oath to support the constitution of the United States.  Such oaths shall be administered, to a person elected mayor, by a justice of the supreme judicial court, a judge of a court of record commissioned to hold such court within the city or a justice of the peace, and to a person elected or chosen city councillor or school committeemember, by the mayor or any of the persons authorized to administer said oaths to a person elected mayor.  [Acts of 1951, c. 376, s. 1.11A as amended by Acts of 1983, c. 342, s. 1]  [*See* Appendix J]

27.   The 7-member Board is appointed in the following manner:



28.   Undersigned counsel served demand letters notifying said Defendant officials of the above-described Federal and State Constitutional violations.

### III.   STANDING, VENUE AND JURISDICTION

29.   Plaintiffs incorporate by reference the numerical paragraphs above.

30.   Subject matter jurisdiction exists in accordance with the provisions of 28 U.S.C. § 1331, as this litigation involves multiple claims and issues arising under section 4 of Article IV, 1st, 4th, 5th, 6th and 14th Amendments to the U.S. Constitution.

31.  Subject matter jurisdiction exists in accordance with the
     provisions of 42 U.S.C. § 1983, as this litigation involves
     the deprivation of rights, protections and privileges
     guaranteed by the U.S. Constitution.

32.  This Court has power to exercise supplemental jurisdiction
     over related Massachusetts state law claims under 28 U.S.C.
     § 1367.

33.  Venue exists under 28 U.S.C. § 1391(b)(1).

### IV. PARTIES

34.  Plaintiffs incorporate by reference the numerical
     paragraphs above.

**PLAINTIFFS**

35.  Plaintiff David Gracia ("Gracia") cannot take the COVID-19
     "vaccinations" due to his sincerely held religious
     beliefs/practices. Gracia's occupation involves serving
     Boston-based clients who expect to meet with him at places
     of public accommodation affected by the Order.  Gracia's
     employer is located in the city of Boston.  Gracia's
     employer is required by the Order to exclude Gracia from
     its workplace, thereby substantially harming Gracia's
     ability to meet and work with his colleagues.

36.  Plaintiff Naomi Hastings ("Hastings") cannot take the
     COVID-19 "vaccinations" due to her sincerely held religious

beliefs/practices. She works as a carpenter in Boston and barred from work sites in Boston due to the Order.

37. Plaintiff Jonah Brooks MacLagan ("MacLagan") cannot take the COVID-19 "vaccinations" due to his sincerely held religious beliefs/practices. He worked as a personal trainer in Boston. Due to the Order, he lost his job when his employer retracted his religious exemption. He has suffered severe and irretrievable damages.

38. Plaintiff Jason Andrew Dunton ("Dunton") owns Boston Capital Group, d.b.a. UFC Gym Boston. Members and employees of Dunton's gym have not taken COVID-19 "vaccinations". Dunton estimates the Order has caused his business to lose 30% of its' revenue.

39. By imposing the Order's requirements on the operation of the Plaintiff's businesses, Defendants Boston Mayor Wu, City of Boston, Executive Director of BPHC, and Boston Public Health Commission are effectively rendering a significant portion of the businesses' prospective customers suddenly ineligible to patronize those businesses, thereby reducing the businesses' potential patronage. The Order also imposes additional burdens of labor and expense on these owners' businesses by requiring them to have a staff member request and check prospective customers' personal medical information.

40. By significantly reducing the Plaintiffs' businesses'
potential patronage and concurrently imposing new and
additional labor demands and expenses and damaging
Plaintiffs Hastings', Dunton's, MacLagan's and Gracia's
livelihoods, Defendants Boston Mayor Wu, City of Boston,
Executive Director of BPHC, and Boston Public Health
Commission have effectively taken the Plaintiff's property
without due process, in violation of Federal and State
Constitutions.

41. By imposing the Order on Plaintiff business owners,
Defendants Boston Mayor Wu, City of Boston, Executive
Director of BPHC, and Boston Public Health Commission
forced Plaintiffs to conduct unreasonable searches of their
prospective customers' and those customers' minor
children's personal medical information, in violation of
Amendment IV of the U.S. Constitution and Article XIV of
the Massachusetts Declaration of Rights.

42. Plaintiff Alanna Loring-Donahue's ("Donahue") religious
exemption from COVID-19 "vaccinations" was accepted by her
employer prior to the Order. Defendants Boston Mayor Wu's,
City of Boston's, Executive Director of BPHC's, and Boston
Public Health Commission's statements and actions caused
Donahue shock, dismay, stress, and inability to happily
parent her two minor children. The Defendants' actions have

worsened Donahue's post-partum anxiety and depression. The Defendants' statements and actions have intentionally inflicted emotional distress on Donahue.

43.  Plaintiff Shana Marie Cottone ("Cottone") has experienced intentionally inflicted emotional distress because of Defendants' actions when she went to a restaurant in Boston and was refused service and told to leave the premises. When she did not comply, the restaurant called the Boston Police. Plaintiff Cottone was shocked and dismayed when the Boston Police arrived at the restaurant and asserted themselves into the situation, causing her to experience public ridicule, embarrassment, and severe emotional distress.

44.  Plaintiff Kelley Collins ("Collins") is the mother of a full-time student, Jane Doe, who attends Northeastern University in Boston. Collins worked tirelessly to ensure that her daughter received her religious exemption at school based on her sincerely held religious beliefs. Collins was shocked and dismayed to learn from her husband, that her daughter succumbed to the pressure she felt after Defendant Mayor Wu launched the vaccine passport mandate and thus received the COVID-19 "vaccination". Because of Defendants, Boston Mayor Wu's, City of Boston's, Executive Director of BPHC's, and Boston Public Health Commission's

actions, Collins has experienced severe emotional distress and loss of consortium.

45. Plaintiff Cherie Noble Murdock ("Murdock") is the mother of Plaintiff John Doe, who is a full-time, Northeastern University student. John Doe obtained a full scholarship, valued at over Two Hundred Thousand Dollars ($200,000.00) for four (4). He asserted a religious exemption from his university's COVID-19 "vaccination" policy, which the university accepted and accommodated. Defendants Boston Mayor Wu, City of Boston, Executive Director of BPHC, and Boston Public Health Commission shocked and dismayed Murdock, causing her to fear that the Order will either bring about the loss of her son's full scholarship because of his adherence to his sincere religious beliefs, or that the pressure of losing his scholarship will cause her son to succumb and thus take the  unwanted COVID-19 "vaccination.

46. Defendant Boston Mayor Wu's December 20, 2021, announcement of the Order has caused Jane Doe and John Doe panic, anxiety, and extreme mental anguish, along with questioning how they would lead normal lives in college without being able to show proof of COVID-19 "vaccination".

47. Defendants Boston Mayor Wu, City of Boston, Executive Director of BPHC, and Boston Public Health Commission have

16

caused Plaintiff Denice Barrasso ("Barrasso") to experience anxiety, mental anguish, and to refrain from going to public places due to discrimination and segregation.

48.   Plaintiff Kelly Diver ("Diver") was shocked and dismayed to learn that the 'Zoo New England' family membership she recently purchased now prohibits her from visiting any indoor Franklin Zoo exhibits with her six (6) year old son, Jacob Driver, unless she shows proof of COVID-19 "vaccinations". As a homeschool parent of Jacob, Diver relies heavily on her ability to take him into Boston for his lessons. Given that she is medically exempt from receiving COVID-19 "vaccinations", Defendants Boston Mayor Wu, City of Boston, Executive Director of BPHC, and Boston Public Health Commission have essentially restricted her freedom of movement.

49.   Plaintiff Yinette Fuertes ("Fuertes") and her seven (7) year old daughter, Jezlani Baez ("Baez"), who are residents of Boston, are shocked and dismayed by Defendant's Boston Mayor Wu, City of Boston, Executive Director of BPHC, and Boston Public Health Commission Order of December 20, 2021. Fuertes is unable take her daughter to Boston's museums and out to restaurants, due to lawless discrimination.

50.   Plaintiff Laura Ann Lasdow ("Lasdow") lives, works, and owns her own business in Boston. Defendant's Order

unlawfully and unjustifiably segregates and discriminates against people like herself who are who are not "vaccinated".

51.   Plaintiff Shannon Lundin ("Lundin") is a life-long Boston resident, who was terminated from her fourteen (14) year position at Massachusetts General Hospital ("MGH") after her religious exemption was denied for the COVID-19 "vaccinations". Lundin was shocked and dismayed by this denial and termination, as her yearly flu religious exemption has been accepted by MGH for the last ten (10) years.

## DEFENDANTS

52.   Defendant City of Boston is purportedly a municipal corporation according to its Charter.

53.   Defendant Mayor Michelle Wu is an elected official and held out publicly as supposed Chief Executive Officer of the City of Boston.

54.   Defendant Boston Public Health Commission (BPHC) is publicly held out as a department and agency of the City of Boston. It is also an arm of the Commonwealth of Massachusetts.

55.   Defendant Dr. Bisola Ojikutu is Executive Director of BPHC. She is an agent and representative of both the City of Boston and the Commonwealth of Massachusetts.

## V. CLAIMS FOR RELIEF

56.  In the following counts, Plaintiffs incorporate by
     reference the numerical paragraphs above.

### Declaratory Claims

57.  The following requests for declaratory judgments involve
     matters in actual controversy that arise under the
     Constitution and laws of the United States effecting
     citizenry rights as a whole. Specifically, requested
     declaratory judgments impact redress of grave deprivation
     of rights involving section 4 of Article IV and the First,
     Fourth, Fifth, Sixth, and Fourteenth Amendments; with such
     deprivations as a direct and exclusive result from
     Defendants' misconduct facilitated through the color of
     law.

58.  Below requested declaratory judgments significantly and
     substantially serve the interests of the public in general—
     not just citizens who reside in the City of Boston, but
     throughout the Commonwealth and tourists. Accordingly, in
     addition to **BPHC December 20, 2021 Order**
     unconstitutionally trampling individual constitutional
     rights, it also unconstitutionally impedes interstate *and*
     intrastate commerce.

59.  With specific regard to individual liberties guaranteed
     under the United States Constitution (and State

Constitution), **BPHC December 20, 2021, Order** excessively intrudes on: bodily integrity, medical autonomy, freedom of speech, medical privacy, and exercise of religious freedom; all of which are the bedrock of the United States Constitution. These are unalienable God-given rights, also long recognized as individual liberties.

60.   The United States Supreme Court, in <u>Planned Parenthood v. Casey</u>, 505 U.S. 833, 857, emphasized the **limits of governmental power** when it comes to **personal autonomy and bodily integrity**:

> Roe, however, may be seen not only as an exemplar of Griswold liberty, but as a rule (whether or not mistaken) of **personal autonomy and bodily integrity,** with **doctrinal affinity to cases recognizing limits on governmental power** to mandate medical treatment or to bar its rejection. If so, our cases since Roe accord with Roe's view that a State's interest in the protection of life falls short of justifying any plenary override of individual liberty claims. <u>Cruzan v. Director, Mo. Dept. of Health</u>, 497 U.S. 261, 278, 111 L. Ed. 2d 224, 110 S. Ct. 2841 (1990); *cf.*, *e. g.*, <u>Riggins v. Nevada</u>, 504 U.S. 127, 135, 118 L. Ed. 2d 479, 112 S. Ct. 1810 (1992); <u>Washington v. Harper</u>, 494 U.S. 210, 108 L. Ed. 2d 178, 110 S. Ct. 1028 (1990); see also, *e. g.*, <u>Rochin v. California</u>, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205 (1952); <u>Jacobson v. Massachusetts</u>, 197 U.S. 11, 24-30, 49 L. Ed. 643, 25 S. Ct. 358 (1905).

61.   Of significance, the Supreme Court highlighted, *both*, the right *to be free from* unwanted medical intervention and the right *to obtain* medical intervention:

20

> As the joint opinion acknowledges, *ante*, 505 U.S. at 857, this Court has recognized the vital liberty interest of persons in refusing unwanted medical treatment. <u>Cruzan v. Director, Mo. Dept. of Health</u>, 497 U.S. 261, 111 L. Ed. 2d 224, 110 S. Ct. 2841 (1990). Just as the Due Process Clause protects the deeply personal decision of the individual to *refuse* medical treatment, it also must protect the deeply personal decision to *obtain* medical treatment, including a woman's decision to terminate a pregnancy. (Id. at 927).

62.  Gravely, the abuse of government power extends beyond the **BPHC December 20, 2021 Order** and pulls back the veil of the unconstitutionality of the **Board of Boston Public Health Commission** *itself* and **M.G.L. c. 111, § 31**.

63.  In the City of Boston Charter, Defendant Boston Mayor Wu has a sworn oath and duty—as well as all other elected officials of Defendant City of Boston-to abide by the United States Constitution:

> SECTION 11A.  *Oaths of Office.*  Every person elected mayor and every person elected or chosen city councillor or school committeemember shall, before entering upon the duties of his office, take, and subscribe in a book to be kept by the city clerk for the purpose, the oath of allegiance and oath of office prescribed in the constitution of this commonwealth and an oath to support the constitution of the United States.  Such oaths shall be administered, to a person elected mayor, by a justice of the supreme judicial court, a judge of a court of record commissioned to hold such court within the city or a justice of the peace, and to a person elected or chosen city councillor or school committeemember, by the mayor or any of the persons authorized to administer said oaths to a person elected mayor.  [Acts of 1951, c. 376, s. 1.11A as amended by Acts of 1983, c. 342, s. 1]  [*See* Appendix J]

## COUNT 1

To declare: M.G.L. c. 111, § 31 unconstitutionally invalid based on the language: "Boards of health may make reasonable health regulations"

64.  In the following counts, Plaintiffs incorporate by reference the numerical paragraphs above.

65.  The language of making "reasonable health regulations" is unconstitutionally broad and ambiguous, thereby, precluding requisite due process guaranteed by the United States Constitution. Such requisite standard under the Federal and State Constitutions, *especially*, with regard to "making health regulations" is: **STRICT SCRUTINY**. A "compelling state interest" and the doctrine of strict scrutiny are integral and are "among the most important and distinctive tenets and of modern constitutional law." Stephen A. Siegel, "The Origin of the Compelling State Interest Test and Strict Scrutiny" (2006) 48:4 Am J Legal Hist 355.

66.  Plaintiffs, therefore, seek a Declaratory Judgment that **M.G.L. c. 111, § 31**-which is specifically relied upon by Defendants as public officials of the City Boston-is unconstitutionally broad. Not only does it render said statute invalid, but it also invalidates the supposed authority of Defendant BPHC in issuing the **BPHC December 20, 2021 Order.**

67.  Adding insult to injury: Defendant City of Boston in its Charter provided in Exhibit 2—blatantly and flagrantly—thumbs its nose flaunting that it is above the law of the

United States Constitution and the Commonwealth of

Massachusetts:

## FORM OF GOVERNMENT: MODIFIED PLAN A
### Government by Mayor, City Council, and School Committee, Elected at-large with Preliminary Elections

*Practitioners and scholars should take care when using nomenclature associated with Boston's charter. Although the charter is commonly referred to as a "Plan A" form of government, the City of Boston does not operate under the provisions of Plan A contained in General Laws Chapter 43; the City of Boston's form of government pre-dates the several plans in the General Laws, and this confusion has been an unfortunate by-product of the publication of plans of government in M.G.L..*

SECTION 10.   *Plan A.* The form of government provided in [these] sections ... shall constitute and be known as Plan A under this act. [Acts of 1948, c. 452, s. 10 as amended by Acts of 1951, c. 376, s. 1.10]

## COUNT 2

**To declare: the creation and existence of Defendant Board of Boston Public Health Commission unconstitutional wherein as it was not created by the Defendant City Counsel**

68.   In the following counts, Plaintiffs incorporate by

reference the numerical paragraphs above.

69.   The City of Boston Charter makes no specific provision with

regard to Defendant Boston Public Health Commission. (Refer

to Exhibit 2).

70.   On Defendant BHPC's website, it outright designates itself

as a "department": and "agency" (refer to Exhibit 3):

### The Nation's First Health Department
The Boston Public Health Commission, the country's oldest health department, is an independent public agency providing a wide range of health services and programs. It is governed by a seven-member board of health appointed by the Mayor of Boston.

71.   Accordingly, pursuant to the City of Boston Charter,

a "department" and/or "agency" *must* be effectuated by

**Boston City Council** (refer to Exhibit 2)—and **NOT** by

Boston's Mayor.

## ORGANIZATION OF CITY DEPARTMENTS

SECTION 34.   *Organization of Departments and Agencies.*  The city council with the approval of
the mayor may from time to time make by-laws or ordinances for any or all of the following purposes:
(a) to create a new department or agency; (b) to abolish, in whole or in part, any department or agency;
(c) to reorganize, in whole or in part, any department or department head or any agency or agency head;
(d) to confer or impose on any department or agency any power or duty of the city not appertaining at
the time of the making of the by-law or ordinance to any department or agency; (e) to transfer any or all
of the powers, duties and appropriations of any division of any department or agency to another division

72.   De facto, as established above, given the outright publicly

made representations made by Defendant BPHC in its own

webpage, it is an illegitimate and invalid entity requiring

dismantling.

## Count 3

To declare: the creation and existence of Defendant Board
of Boston Public Health Commission unconstitutional with
regard to Separation of Powers doctrine

73.   In the following counts, Plaintiffs incorporate by

reference the numerical paragraphs above.

74.   Defendant Board BPHC is unconstitutional in the regard that

said entity impermissibly converges the functions of

executive and legislative. Accordingly, due process is

subverted by such convergence.

75.   As set forth in the City of Boston Charter, the "City

Council" is specifically responsible for the legislative

function (refer to Exhibit 2):

SECTION 11.   *Three Branches of City Government.*  There shall be in the city a mayor who shall be the chief executive officer of the city, a city council of nine members which shall be the legislative body of the city, and a school committee ... which shall have the powers and duties conferred and imposed by law.  [Acts of 1951, c. 376, s. 1.11]  [Without amending this specific section, the number of city council members was increased to thirteen (nine district councillors and four at-large councillors) by Acts of 1982, c. 605, s. 1.  The school committee was reorganized by Acts of 1991, c. 108.]

76.   As set forth in **BPHC December 20, 2021 Order** in Exhibit 1, said Order is de facto implemented with full intentions of being publicly held out as a literal law in the following manner:

a.   First page of **BPHC December 20, 2021 Order**



**BOSTON PUBLIC HEALTH COMMISSION**

**TEMPORARY ORDER REQUIRING COVID-19 VACCINATION FOR INDOOR ENTERTAINMENT, RECREATION, DINING, AND FITNESS SETTINGS IN THE CITY OF BOSTON**

DATE OF ORDER: DECEMBER 20, 2021

The Boston Public Health Commission, acting through its duly appointed and authorized agent, Dr. Bisola Ojikutu, pursuant to M.G.L. c. 111, § 30, the Boston Public Health Act of 1995, M.G.L. c. 111 App §§ 2-6, M.G.L. c. 111 §§ 6, 7, 31, 95, 104, 122, 310 CMR 11.05, 105 CMR 300.200 and all other authorizing statutes as well as the Boston Public Health Commission's Declaration of a Public Health Emergency Relative to COVID-19 in the City of Boston dated March 15, 2020, as extended, hereby enacts and declares as follows:

Whereas, a Public Health Emergency due to the outbreak of the 2019 novel Coronavirus ("COVID-19") in the City of Boston pursuant to declaration of the Boston Public Health Commission dated March 15, 2020 and extended on April 24, 2020 remains in full force and effect;

b.   Last page of **BPHC December 20, 2021 Order**

**ENFORCEMENT**

All reasonable efforts will be made to secure voluntary compliance with this Order, including outreach and education, as well as written warnings; however, this Order may be enforced through any and all mechanisms afforded by the authorizing statutes above, including fines of $300.00 for each violation and orders of the BPHC to cease and desist. The Executive Director may seek the assistance of other City of Boston agencies in ensuring compliance with this order.

**NOTICE**

The Boston Public Health Commission must promptly provide copies of this Order by posting on the Boston Public Health Commission website (bphc.org) and providing a copy to any member of the public requesting one.

IT IS SO ORDERED:                    Dated: December 20, 2021

Dr. Bisola Ojikutu
EXECUTIVE DIRECTOR
BOSTON PUBLIC HEALTH COMMISSION
AS AGENT OF THE BOARD OF HEALTH

77.   Note the cornerstone of the United States Constitution is wholly premised on: CONSENT OF THE GOVERNED otherwise known as 'We The People'.

78.   Local autonomy is supposed to be about power to the **LOCAL PEOPLE**—not about unfettered government control.

79.   As seen here, Defendant Boston Mayor Wu has used Defendant BPHC to subvert the local legislative process.

## COUNT 4

**To declare: the creation and existence of the Board of Boston Public Health Commission unconstitutional with regard to exceeding locality border**

80.   BPHC December 20, 2021 Order is unconstitutional with specific regard to exceeding its scope of authority. Regulations must **not** affect those outside the locality's borders.

26

81. **BPHC December 20, 2021 Order** unconstitutionally impinges upon interstate and intrastate commerce.

82. As set forth above, "reasonable" standard is an unconstitutional measure—strict scrutiny is necessitated.

## COUNT 5

**To declare: BPHC December 20, 2021 Order unconstitutional wherein it violates equal protection guarantees of the Federal and State Constitutions**

83. In the following counts, Plaintiffs incorporate by reference the numerical paragraphs above.

84. **BPHC December 20, 2021 Order**, illogically and absurdly in its own Order, sets forth that athletes and celebrities are exempt (refer to Exhibit 2):

> 2. The following individuals are exempted from this Order, and therefore may enter a covered premises without displaying proof of vaccination, provided that such individuals wear a face mask at all times:
>    a. Individuals entering for a quick and limited purpose (for example, using the restroom, placing or picking up an order or service, making a delivery, or performing necessary repairs);
>    b. A performing artist not regularly employed by the covered entity while they are in a covered premises for purposes of performing;
>    c. A professional athlete/sports team who enters a covered premises as part of their regular employment for purposes of competing; and
>    d. An individual accompanying a performing artist or professional athlete/sports team into a covered premises as part of their regular employment so long as the performing artist or professional athlete/sports team are performing or competing

85. As established above, the substance of **BPHC December 20, 2021 Order** is arbitrary and capricious; thereby, invalidating said Order.

**WHEREFORE,** Plaintiffs request the following relief as set forth:

### Injunctive & Declarative Relief

- Immediate, preliminary and permanent relief with regard to declaring **Boston Public Health Commission Order of December 20, 2021,** unconstitutional based on violations of Federal and State Constitutions, which necessitates that it be stricken;

- Immediate, preliminary, and permanent relief with regard to declaring the entity itself of **Defendant BPHC unconstitutional,** which necessitates it be dismantled;

- Immediate, preliminary, and permanent relief with regard to declaring **M.G.L. c. 111, § 31** unconstitutional, necessitating that it be stricken.

### Monetary Damages

- Plaintiffs claim their right to a jury trial for monetary damages;

- Civil money damages are available under 42 U.S.C. § 1983 as Plaintiffs have established above unequivocal constitutional violations;

- Defendants, under color of law have harmed Plaintiffs by depriving them of above established constitutional rights;

- Defendants, under color of law have physically, mentally, and emotionally injured Plaintiffs in the process of depriving them of above established constitutional rights;

- Damages be awarded: compensatory; punitive; reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988; and statutory interest.

RESPECTFULLY SUBMITTED,

Plaintiffs,
By their attorney

/s/Richard C. Chambers, Jr.
Richard C. Chambers, Jr.
(BBO#651251)
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Tel:(781-581-2031)