UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Shana Marie Cottone;**<br>**Denice Barrasso;**<br>**Jason Andrew Dunton;**<br>**Naomi Hastings;**<br>**Laura Ann Lasdow;**<br>**Shannon Lundin;**<br>**Kelly Diver**, individually and as Guardian of J.D.;<br>**Yinette Fuertes**, individually and as Guardian of J.B.;<br>**Gina Castiello;**<br>**Jaymes Leavitt;**<br>**Joanne Halpin;**<br>**Joel Greenberg;**<br>**Miriam Carrasquillo;**<br>**Shawn Nelson;**<br>**Karina Demuchyan;**<br>**Catherine Vitale;**<br>**Jorge Mendoza;**<br>**Carla Gomes;**<br>**Saviel Colon;**<br><br>    Plaintiffs,<br><br>v.<br><br>**CITY OF BOSTON;**<br>**MAYOR MICHELLE WU OF THE CITY OF BOSTON**, in her Official and Personal Capacities;<br>**BOSTON PUBLIC HEALTH COMMISSION EXECUTIVE DIRECTOR, DR. BISOLA OJIKUTU, M.D., MPH**, in her Official and Personal Capacities;<br>**BOSTON PUBLIC HEALTH COMMISSION.**<br><br>    Defendants. | **Civil Action No.: 1:22-cv-10285-AK** |

1

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

This Complaint involves the issuance by the Defendants of a City of Boston order, entitled "**Temporary Order Requiring COVID-19 Vaccination for Indoor Entertainment, Recreation, Dining, and Fitness Settings in the City of Boston**", dated December 20, 2021, (hereinafter, "the Order") that required people within the city of Boston to show proof of COVID-19 vaccination before being allowed to enter certain establishments. The original complaint, *inter alia*, requested injunctive relief. The original complaint was filed with the Clerk of the Court approximately at 2:00 p.m. on February 18, 2022. Approximately three hours later, or around 5:00 p.m., Defendant Wu lifted the Order and thus said Order no longer has any force or effect.

Since injunctive relief is no longer justiciable, and to also streamline the action and request additional relief made necessary by the nullification of the Order by the Defendants, and eliminate some Plaintiffs and add additional ones affected by the Order, Plaintiffs herein amend their complaint to better serve the Court and parties.

## I. PARTIES

### a. Plaintiffs

1. Shana Marie Cottone is a resident of the city of Norfolk, Massachusetts.

2. Denice Barrasso is a resident of Boston, Massachusetts.

3. Jason Andrew Dunton is a resident of Revere, Massachusetts.

4, Naomi Hastings is a resident of Boston, Massachusetts.

5. Laura Ann Lasdow is a resident of Dorchester, Massachusetts.

6. Shannon Lundin is a resident of Charlestown, Massachusetts.

7. Kelly Diver and J. D. are residents of Beverly, Massachusetts.

8. Yinette Fuertes and J. B. are residents of Boston, Massachusetts.

9. Gina Castiello is a resident of Revere, Massachusetts.

10. Jaymes Leavitt is a resident of Paxton, Massachusetts.

11. Joanne Halpin is a resident of Boston, Massachusetts.

12. Joel Greenberg is a resident of Danvers, Massachusetts.

13. Miriam Carrasquillo is a resident of Randolph, Massachusetts.

14. Shawn Nelson is a resident of Dorchester, Massachusetts.

15. Karina Demurchyan is a resident of Newton, Massachusetts.

16. Catherine Vitale is a resident of Boston, Massachusetts.

17. Jorge Mendoza is a resident of Boston, Massachusetts.

18. Carla Gomes is a resident of Canton, Massachusetts.

19. Saviel Colon is a resident of Boston, Massachusetts.

3

### b. Defendants

20. The City of Boston is purportedly a municipal corporation according to its Charter.

21. Michelle Wu is the elected mayor of the City of Boston, Massachusetts.

22. The Boston Public Health Commission is a department and agency of the City of Boston.

23. Dr. Bisola Ojikutu is the Director of the Boston Public Health Commission.

## II. JURISDICTION

24. The Court has jurisdiction to hear this complaint pursuant to 28 USC § 1331 (federal question, 42 USC §§ 1983 (deprivation of civil rights) and 1985(3) (conspiracy to deprive persons of rights or privileges), and 28 USC §§ 2201 and 2202 (declaratory relief).

## III. FACTS

25. The Defendants, on December 20, 2021, issued the Order in a public document that restricted a "covered entity" from "permit[ting] a patron, full- or part-time employee, intern, volunteer, or on-site contractors to enter a covered premise without displaying proof of vaccination" relative to the COVID-19 vaccination. The Order exempted many other entities from the restrictions. The covered entities that were required to enforce the restrictions were "Indoor Food Services"; "Indoor Entertainment, Recreational, and Event Venues, including movie theaters, music or concert venues, commercial event and party venues, museums and galleries, professional sports arenas and indoor stadiums, convention centers and exhibition halls, performing arts theaters, bowling alleys, and other recreational centers;" and "Indoor Gyms and Fitness Settings, including commercial gyms, fitness, yoga/pilates/barre/dance studios, boxing/kickboxing gyms, fitness boot camps, indoor pools, and other facilities used for conducting group fitness classes."

4

26. a.  During the effective period of the Order, Plaintiff Cottone was, and still is, a Boston Police Officer for approximately fourteen ("14") years.

b.  Cottone has a medical issue pertaining to blood sugar levels and frequently must have immediate access to food.

c.  Because of the Order, on two occasions on January 15, 2022, Cottone was refused service for food at two Boston pizza establishments.

d.  Boston Police were called to enforce the Order.

e.  As a result of the foregoing, the Boston Police launched an investigation of Cottone for "Conduct Unbecoming of a Police Officer" and "Conformance to Laws: trespassing" all because she did not show proof of vaccination, police officers were dispatched to enforce the Order.

f.  It was reported to Cottone that Boston Police are attempting to fire her because of the incidents mentioned above.

g.  Cottone did submit a religious exemption to her employer, the City of Boston, for not taking the vaccination, prior to the implementation of the Order.

h.  Cottone has suffered severe emotional distress i.e. "embarrassment, humiliation and mental anguish" because of the incidents mentioned above.

27. a.  During the effective period of the Order, Plaintiff Barrasso has refrained from going to public places that require proof of vaccination.

b.  Barrasso was already assaulted in a store relative to the COVID-19 restrictions.

c.  Because Barrasso did not have proof of vaccination, she was unable to visit establishments covered by the Order, either alone or with family members.

d.  Because of the above facts, Barrasso has suffered anxiety and mental anguish.

28. a.  During the effective period of the Order, Plaintiff Dunton, did, and still, owns a gym in the City of Boston.

b.  Dunton is not vaccinated and will not be vaccinated.

c.  Dunton experienced approximately a 30% drop in business once the Order became effective.

d.  Because of the Order, Dunton believed he was required to hire additional staff to check patrons' personal medical status as to vaccination for COVID-19.

29. a.  During the effective period of the Order, Plaintiff Hastings was barred from working in her trade as a carpenter because the work site involved some of the covered entities in the Order.

b.  Because Hastings was barred from certain covered job sites by the Order, she would receive less pay than she could otherwise earn.

30. a.  During the effective period of the Order, Plaintiff Lasdow was no longer able to dine out with her husband at their weekly "night out" at a local Dorchester restaurant but would have to travel outside Boston to dine out.

b.  Lasdow has a gym membership, and this membership allows her use of a nearby gym in Boston.

    c.    Because of the Order, Lasdow could no longer go to the gym near her residence but had to travel to one outside of Boston.

31.    a.    During the effective period of the Order, Plaintiff Lundin was employed by Massachusetts General Hospital.

    b.    Lundin was terminated from her fourteen ("14") year position with the Hospital after the Order became effective.

    c.    Lundin, for 10 years prior to the Order, had a religious exemption from the hospital for taking vaccines.

    d.    Because of the Order, the hospital denied her religious exemption.

32.    a.    During the effective period of the Order, Plaintiff Diver was stopped from fully using her "Zoo New England" membership and refused a refund.

    b.    During the effective period of the Order, Diver was unable to take her son, J. D., to the indoor Franklin Zoo exhibits, thus depriving them both of that experience.

    c.    Diver is unvaccinated due to a medical exemption.

    d.    Diver also could not bring her son, whom she homeschools, into other establishments in Boston to further his education, thus depriving him of those experiences.

33.    a.    During the effective period of the Order, Plaintiff Fuertes, because of the Order, was unable to take her daughter, J.B., to Boston's museums and restaurants and other covered entities, thus depriving them both of those experiences.

    b.    Fuertes is not vaccinated.

7

34. a. During the effective period of the Order, Plaintiff Castiello, was, and is, unvaccinated.

    b. Castiello, during the effective period of the Order, was unable to go with family members or friends to any of the covered establishments, which she had previously done.

    c. As a result of the previous facts, Castiello felt isolated from participating in events and social gatherings in public, causing her fear and anxiety.

35. a. During the effective period of the Order, Plaintiff Leavitt had his own photography business and also worked part-time with a musical band.

    b. On one occasion, Leavitt was unable to perform with the band because the covered establishment wanted proof of vaccination.

    c. Leavitt was not allowed to perform in any venue covered by the Order.

    d. Leavitt was not allowed to conduct his photography business in any venue covered by the Order.

    e. Because of the restrictions, Leavitt has lost substantial income.

36. a. During the effective period of the Order, Plaintiff Halpin lost her job at a Boston hotel because she could not show proof of vaccination as required by the Order.

    b. Halpin attempted to apply for an exemption from her employer, but her employer stated that the Order did not allow for exemptions.

    c. Eventually, Halpin's employer offered her a demotion during the pendency of the Order, but she refused and was terminated.

    d. Halpin's termination resulted in substantial monetary loss.

    e. Halpin's employer still has not rehired her even though the Order was lifted, and she had maintained a "good performance standing."

  f. Halpin's loss of income has caused her much stress and anxiety especially since she could no longer work in the City of Boston.

37. a. During the effective period of the Order, Plaintiff Greenberg, a self-employed Lyft driver was unable to work in Boston, but only in the suburbs.

  b. Greenberg suffers from Diabetes and requires frequent food intake in order to maintain safe blood glucose levels.

  c. During the effective period of the Order, Greenberg was unable to stop for breaks in Boston, which therefore forced him to drive only in the suburbs.

  d. There is a lower ride demand in the suburbs.

  e. Greenberg earned less pay during the effective period of the Order.

  f. Greenberg is unvaccinated.

  h. The facts stated above embarrassed, demeaned, and caused anxiety and stress to Greenberg.

38. a. During the effective period of the Order and currently, Plaintiff Carrasquillo was on medical leave from her job at the Boston Public Library, where she has worked for thirty-five ("35") years.

  b. The Order was implemented while she was on medical leave, undergoing cancer treatment.

  c. The Order has caused Carrasquillo enormous stress and anxiety while undergoing cancer treatment at the thought of losing her income, benefits, and health insurance.

  d. Carrasquillo is unvaccinated and believes that the testing is harmful.

  e. The Order has caused Carrasquillo to experience severe anxiety and stress because of a loss of income and fear of losing her job.

39. a. During the effective period of the Order, Plaintiff Nelson was, and still is unvaccinated.

   b. Because of the Order, Nelson was unable to enter any of the covered entities.

40. a. During the effective period of the Order, Plaintiff Demurchyan was to meet with business clients in Boston.

   b. Because of the Order, Demurchyan had to restrict where to meet clients, or even friends, in Boston.

   c. Because of the Order, Demurchyan had to forego important meetings with clients in Boston.

   d. The Order has caused Demurchyan to experience severe stress and anxiety.

41. a. During the effective period of the Order, Plaintiff Vitale was refused service in several Boston restaurants for refusing to abide by the Order and show proof of vaccination.

   b. While in Regina's Pizzeria, police were called on Vitale for violation of the Order, which police then intimidated and embarrassed her until she left.

   c. Vitale was humiliated and made an object of ridicule by the above incident.

   d. Vitale home-schools her children, and while doing so she was unable to take her children to any of the covered establishments.

42. a. During the effective period of the Order, Plaintiff Mendoza was the owner of *Monica's Vinoteca*, a restaurant in the North End of the City of Boston.

   b. As a result of the Order, Plaintiff Mendoza's restaurant, *inter alia*, was financially harmed and lost business and customers.

   c. As a result of the Order, Plaintiff Mendoza had to permanently assign and pay one of his staff members to ask every potential patron to show proof of vaccination.

        d.      As a result of the Order, some of Plaintiff Mendoza's workers were unable to work on site.

43.    a.      During the effective period of the Order, Plaintiff Gomes was the owner of *Terramia* and *Antico Forno*, restaurants in the North End of the City of Boston.

        b.      Because of the Order, Plaintiff Gomes' restaurants were financially harmed from a loss of customers and business.

        c.      Because of the Order customers of Plaintiff Gomes' restaurants were refused service because they couldn't show proof of vaccination.

        d.      Because of the Order customers of Plaintiff Gomes' restaurants refused to even go to her restaurants and show proof of vaccination, although they had been vaccinated.

44.    a.      During the effective period of the Order, Plaintiff Colon was a police officer with the Boston Police Department.

        b.      Plaintiff Colon, and his family, are unvaccinated because of firmly held religious beliefs. Plaintiff Colon was ordered to take the COVID-19 vaccine and was placed on unpaid leave because he could not.

        c.      Because of the Order, Plaintiff Colon was not allowed to continue to work and was unable to go to restaurants, museums and zoos with his family.

45.    Pursuant to MGL 111 § 31, local "Boards of Health may make *reasonable* health regulations." (emphasis supplied)

46.    The Order actually should come under a legislative function and such functions in the City of Boston come, in the first instance, under the purview of the City Council; the City Council took no official part in sanctioning the Order.


47. The Order singled out certain business establishments as requiring proof of vaccination, and exempted many other business establishments that, indubitably, are more susceptible to spreading COVID-19.

48. The Boston Public Health Commission was created by the Mayor of the City of Boston, not by Boston's City Council.

49. Showing proof of vaccination has no, or little, effect on stopping the spread of COVID-19.

50. Despite being vaccinated, a great percentage of persons have contacted COVID-19 and have even spread the disease to others.

## IV. Claims

### COUNT 1
### (Unconstitutionality of M.G.L. c. 111 § 31)

51. Paragraphs 1-50 are referenced and incorporated into Count 1.

52. M.G.L. c. 111 § 31 is unconstitutional on its face, or as applied in this case, because it enabled the Defendants to make an unreasonable Order in violation of the Plaintiffs' due process, equal protection, and equal treatment rights under the United States Constitution.

### COUNT 2
### (The Boston Public Health Commission unconstitutionally created)

53. Paragraphs 1-52 are referenced and incorporated into Count 2.

54. Pursuant to the Boston City Charter, only the Boston City Council can create departments or agencies of the City of Boston.

55. The City of Boston's Mayor created the Boston Public Health Commission, which designates itself as a department or agency of the City of Boston.

56. The Order was used by the Boston Public Health Commission.

57. The Boston Public Health Commission is not a properly authorized department or agency of the City of Boston and therefore does not have the authority to issue the Order.

58. The Order was invalid, null and void, and unenforceable.

## COUNT 3
### (Boston Public Health Commission violated Separation of Powers doctrine)

59. Paragraphs 1-58 are referenced and incorporated into Count 3.

60. The existence of the Boston Public Health Commission, as it pertains to the instant case, is unconstitutional under the Separation of Powers doctrine.

## COUNT 4
### (The Order violated the constitutional rights of the Plaintiffs)

61. Paragraphs 1-60 are referenced and incorporated into Count 4.

62. Each of the named Plaintiffs had at least one of their constitutional rights to equal protection, equal treatment, and due process of law violated by the Order and as a consequence of the Order suffered personal injuries.

**WHEREFORE,** Plaintiffs seek the following

## V. RELIEF

A. A declaration that the Plaintiffs' constitutional rights were violated by the Order.

B. Compensatory Damages in excess of One Million Dollars ("$1,000,000.00") for each Plaintiff.

C. Punitive damages in excess of Five Million Dollars ("$5,000.000.00") for each Plaintiff.

D. Reasonable attorney fees.

E. The costs of this action.

F.  Trial by jury.

G.  Such other and further relief that to the Court seems just, proper and equitable.

                              Respectfully submitted,
                              The Plaintiffs
                              By their attorney,

DATED: May 2, 2022

                              */s/ Richard C. Chambers, Jr., Esq.*
                              Richard C. Chambers, Jr., Esq.
                              BBO#: 651251
                              Chambers Law Office
                              220 Broadway, Suite 404
                              Lynnfield, MA 01940
                              Office: (781) 581-2031
                              Cell: (781) 363-1773
                              Fax: (781) 581-8449
                              Email: Richard@chamberslawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

DATED: May 2, 2022

                              */s/ Richard C. Chambers, Jr., Esq.*
                              Richard C. Chambers, Jr., Esq.